Morris *v.* Neville.

## I. N. MORRIS *v.* MRS. A. C. NEVILLE.

EMPLOYER AND EMPLOYEE. *Damages.* Mrs. Neville sued Morris for keeping from her service certain employees with whom she had contracted for service. Upon trial, it was not error in the trial judge to refuse to charge " that if before Morris employed the laborers, or any of them, they had voluntarily broken their contract with plaintiff, with or without cause, then they would not be under contract with her, or in her employ, and Morris, in hiring them, would not be liable to plaintiff for damages."

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

A. Suggs for Morris.

H. M. Hill and J. E. Bigelow for Neville.

Deaderick, C. J., delivered the opinion of the court.

Judgment was rendered by a justice of the peace of Shelby county in favor of plaintiff in error, and defendant in error, who brought the suit, appealed to the circuit court. There verdict and judgment were in her favor, and Morris has appealed to this court.

The suit was brought by Mrs. Neville, under the act of 1875, ch. 93, to recover damages for decoying and enticing away and keeping from her service certain employees with whom she had contracted for service, etc.

The plaintiff and her daughter and other witnesses make out a case entitling her to a recovery, under the act. Section 1 declares that it shall not be lawful for any one knowingly to hire, contract with, decoy or entice away, directly or indirectly, any one, male or female, who is at the time under contract or in the employ of another.

And section 2 provides that any one violating the provisions of the first section of this act shall be liable to the party who originally had, and was entitled to, the services of said employee, by virtue of a previous contract, such damages as he may reasonably sustain by the loss of labor of said employee; and he shall be liable, whether he had or not, knowledge of the contract, if he failed to discharge the person hired after notice of such contract.

Morris *v.* Neville.

·The defendant's testimony is in direct conflict with much of the material testimony of plaintiffs; but as the jury have passed upon this conflict of the evidence, we cannot reverse, even if we were of opinion that the weight of evidence was against the finding.

It is next insisted that the court erred in refusing to charge the jury, as requested, "that if before Morris employed these laborers, or any of them, they had voluntarily broken their contract with plaintiff, with or without cause, then they would not be under contract with her, or in her employ, and Morris, in hiring them, would not be liable to plaintiff for damages."

The court declined to give these instructions, stating that the statute was designed to cover such a a case. The laborers had removed from the plantation of plaintiff directly to that of defendant, in the month of May, after having put in a crop of about thirty-five or forty acres of cotton and eight or ten of corn. The statute makes the hirer liable to damages, even if he has hired without knowledge of the previous contract of hire, if he fails to discharge the laborer after he has been notified that the person is under contract, or has violated his contract.

There was, therefore, no error in the refusal of the court to give the charge requested.

The judgment of the circuit court must be affirmed.
18—VOL. 11.